Alex M. Cha, Esq. (CA Bar No. 208051)
Email: alex@alexchalaw.com
J. Edward Kim, Esq. (CA Bar No. 282787)
Email: edward@alexchalaw.com
**LAW OFFICES OF ALEX CHA & ASSOCIATES**
1055 W. 7th Street, Suite 2800
Los Angeles, CA 90017
Tel. (213) 351-3513, Fax (213) 351-3514

Melvin L. Chung, Esq. (CA Bar No. 189519)
Email: mchung@modalaw.com
**HUFFINE CHUNG, APC**
2202 S. Figueroa St., #356
Los Angeles, CA 90007
Tel.: (213) 596-9116, Fax (213) 814-1448

Attorneys for Plaintiff
BLUPRINT CLOTHING CORP.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BLUPRINT CLOTHING CORP., a California corporation,

Plaintiff,

v.

JOAN VASS, INC., a New York corporation; REPUBLIC CLOTHING GROUP, INC., a New York corporation; MACY'S, INC., a Delaware corporation; STEIN MART, INC., a Florida corporation; BOSCOV'S DEPARTMENT STORE, LLC, a Delaware limited liability company; LORD & TAYLOR, LLC, a Delaware limited liability company; NEIMAN MARCUS GROUP, INC., a Delaware corporation; and DOES 1 to 10,

Defendants.

Case No.: 2:17-cv-07350

**PLAINTIFF'S COMPLAINT FOR:**

1. COPYRIGHT INFRINGEMENT;

2. VICARIOUS OR CONTRIBUTORY COPYRIGHT INFRINGEMENT.

Jury Trial Demanded.

Plaintiff BLUPRINT CLOTHING CORP. ("BLUPRINT" or "Plaintiff"), by and through its attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district where a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff BLUPRINT is a corporation organized and existing under the laws of the state of California with its principal place of business located at 5600 Bandini Blvd., Bell, CA 90201.

5. Plaintiff is informed and believes and thereon alleges that Defendant JOAN VASS, INC. ("JOAN VASS"), doing business on the internet as JOANVASS.COM, is a corporation organized and existing under the laws of the state of New York with its principal place of business at 1410 Broadway, Suite 400, New York, NY 10018, and has business in and/or with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant REPUBLIC CLOTHING GROUP, INC. ("REPUBLIC CLOTHING"), doing business on the internet as REPUBLICCLOTHING.COM, is a corporation organized and existing under the laws of the state of New York with its principal place of business at 1440 Broadway, New York, NY 10018, and is doing business in and/or with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant MACY'S, INC. ("MACY'S"), doing business as MACYSINC.COM on the internet, is a corporation organized and existing under the laws of Delaware, with its principal places of business at 680 Folsom St., San Francisco, CA 94107 and 151 West 34th St., New York, NY 10001, and is doing business in or with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant STEIN MART, INC. ("STEIN MART"), doing business on the internet as STEINMART.COM, is a corporation organized and existing under the laws of the state of Florida with its principal place of business at 1200 River Place Blvd., Jacksonville, FL 32207, and is doing business in or with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant BOSCOV'S DEPARTMENT STORE, LLC ("BOSCOV'S"), doing business on the internet as BOSCOVS.COM, is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 4500 Perkiomen Avenue, Reading, PA 19606, and is doing business in or with the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant LORD AND TAYLOR, LLC ("LORD & TAYLOR"), doing business on the internet as LORDANDTAYLOR.COM, is a limited liability company organized and existing under the laws of the state of Delaware and with its principal place of business at 424 5th Avenue (W 39th St.) New York, NY 10018, and is doing business in or with the state of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant NEIMAN MARCUS GROUP, INC. ("NEIMAN MARCUS"), doing business as NEIMAN MARCUS LAST CALL and on the internet as LASTCALL.COM and NEIMANMARCUS.COM, is a corporation organized and existing under the laws of the state of Delaware and with its principal place of business at 1450 Broadway, Suite 11, New York, NY 10018, and is doing business in or with the state of California.

12. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are parties not yet identified who infringed Plaintiff's copyrights, contributed to the infringement of Plaintiff's copyrights, or engaged in one or more of the wrongful acts alleged herein. The true names of Defendants DOES 1 through 10 are presently unknown to Plaintiff, so Plaintiff sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when ascertained.

13. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## PLAINTIFF'S COPYRIGHTED ARTWORK

14. Plaintiff owns an original two-dimensional artwork entitled "BPSK1202 Color Blocked Flowers" ("Plaintiff's Design A"), which is registered with the United States Copyright Office. A copy of Plaintiff's copyright certificate with the artwork are attached hereto as **Exhibit "A".**

15. Plaintiff's Design A is intended for purposes of textile and fabric printing in Plaintiff's production of garments, namely, women's apparel.

16. Prior to the acts complained of herein, Plaintiff had publicized or disseminated Plaintiff's Design A to the apparel trade on sales documents, fabrics and finished garments featuring the subject artwork to select parties in the textile, fashion and apparel trade. A photograph of Plaintiff's authentic garment lawfully made of Plaintiff's Design A is attached hereto as **Exhibit "B".**

**CLAIMS RELATED TO MACY'S PRODUCT 1**

**"JOAN VASS HIGH-LOW BLOUSE"**

17. Plaintiff is informed and believes and thereon alleges that since its creation of Plaintiff's Design A, Defendants, and each of them individually or in concert, unlawfully copied, reproduced, and/or manipulated Plaintiff's Design A without Plaintiff's consent or knowledge, and unlawfully produced, distributed and/or sold products featuring a print design that is identical or substantially similar to Plaintiff's Design A, but under the JOAN VASS label, to Defendant MACY'S without Plaintiff's knowledge and consent, and MACY'S unlawfully produced, distributed, and/or sold the products (hereinafter "Defendant MACY'S Product 1") without Plaintiff's knowledge and consent.

18. Said products were labeled and sold under the brand name JOAN VASS more specifically identified as JOAN VASS HIGH-LOW BLOUSE (WEB I.D. NO. 4568544), representing that the products were made by, for, and/or originated from Defendant JOAN VASS and offered for sale by MACY'S. An image of Plaintiff's Design A and examples of Defendant MACY'S Product 1 are set forth herein below:

| Plaintiff's Design A | Defendant MACY'S Product 1<br>Joan Vass High-Low Blouse |
|---|---|



## CLAIMS RELATED TO STEIN MART PRODUCT 1
## "WASHED FLORAL VEST"

19. Plaintiff is informed and believes and thereon alleges that since its creation of Plaintiff's Design A, Defendants, and each of them individually or in concert, unlawfully copied, reproduced, and/or manipulated Plaintiff's Design A without Plaintiff's consent or knowledge, and unlawfully produced, distributed and/or sold products featuring a design that is identical or substantially similar to Plaintiff's Design A, but under the JOAN VASS label, to Defendant STEIN MART without Plaintiff's knowledge and consent, and STEIN MART unlawfully produced, distributed, and/or sold the products (hereinafter “Defendant STEIN MART Product 1”) without Plaintiff’s knowledge and consent.

20. Said products were labeled and sold under the brand name “JOAN VASS” more specifically identified as JOAN VASS WASHED FLORAL VEST (STYLE NO. 62501176), representing that the products were made by, for, and/or originated from Defendant JOAN VASS and offered for sale by STEIN MART. An image of Plaintiff's Design A and examples of Defendant STEIN MART Product 1 are set forth herein below:

| Plaintiff's Design A | Defendant STEIN MART Product 1<br>Washed Floral Vest |
|---|---|
|  | |

## CLAIMS RELATED TO STEIN MART PRODUCT 2
## "STRETCH WASHED FLORAL TOP"

21. Plaintiff is informed and believes and thereon alleges that since its creation of Plaintiff's Design A, Defendants, and each of them individually or in concert, unlawfully copied, reproduced, and/or manipulated Plaintiff's Design A without Plaintiff's consent or knowledge, and unlawfully produced, distributed and/or sold products featuring a design that is identical or substantially similar to Plaintiff's Design A, but under the JOAN VASS label, to Defendant STEIN MART without Plaintiff's knowledge and consent, and STEIN MART unlawfully produced, distributed, and/or sold the products (hereinafter “Defendant STEIN MART Product 2”) without Plaintiff’s knowledge and consent.

22. Said products were labeled and sold under the brand name “JOAN VASS” more specifically identified as JOAN VASS STRETCH WASHED FLORAL TOP (STYLE NO. 62501150), representing that the products were made by, for, and/or originated from Defendant JOAN VASS and offered for sale by STEIN MART. An image of Plaintiff's Design A and examples of Defendant STEIN MART Product 2 are set forth herein below:

| Plaintiff's Design A | Defendant STEIN MART Product 2<br>Stretch Washed Floral Top |
|---|---|



**CLAIMS RELATED TO STEIN MART PRODUCT 3**
**"STRETCH WASHED FLORAL DRESS"**

23. Plaintiff is informed and believes and thereon alleges that since its creation of Plaintiff's Design A, Defendants, and each of them individually or in concert, unlawfully copied, reproduced, and/or manipulated Plaintiff's Design A without Plaintiff's consent or knowledge, and unlawfully produced, distributed and/or sold products featuring a design that is identical or substantially similar to Plaintiff's Design A, but under the JOAN VASS label, to Defendant STEIN MART without Plaintiff's knowledge and consent, and STEIN MART unlawfully produced, distributed, and/or sold the products (hereinafter "Defendant STEIN MART Product 3") without Plaintiff's knowledge and consent.

24. Said products were labeled and sold under the brand name "JOAN VASS" more specifically identified as JOAN VASS STRETCH WASHED FLORAL DRESS (STYLE NO. 62501200), representing that the products were made by, for, and/or originated from Defendant JOAN VASS and offered for sale by STEIN MART. An image of Plaintiff's Design A and examples of Defendant STEIN MART Product 3 are set forth herein below:

| Plaintiff's Design A | Defendant STEIN MART Product 3<br>Stretch Washed Floral Dress |
|---|---|



**CLAIMS RELATED TO BOSCOV'S PRODUCT 1**

**"JOAN VASS DRAPE FRONT WASH FLORAL VEST"**

25. Plaintiff is informed and believes and thereon alleges that since its creation of Plaintiff's Design A, Defendants, and each of them individually or in concert, unlawfully copied, reproduced, and/or manipulated Plaintiff's Design A without Plaintiff's consent or knowledge, and unlawfully produced, distributed and/or sold products featuring a design that is identical or substantially similar to Plaintiff's Design A, but under the JOAN VASS label, to Defendant BOSCOV'S without Plaintiff's knowledge and consent, and BOSCOV'S unlawfully produced, distributed, and/or sold the products (hereinafter "Defendant BOSCOV'S Product 1") without Plaintiff's knowledge and consent.

26. Said products were labeled and sold under the brand name "JOAN VASS" more specifically identified as JOAN VASS DRAPE FRONT WASH FLORAL VEST (ITEM NO. 65676), representing that the products were made by, for, and/or originated from Defendant JOAN VASS and offered for sale by BOSCOV'S. An image of Plaintiff's Design A and examples of Defendant BOSCOV'S Product 1 are set forth herein below:

| Plaintiff's Design A | Defendant BOSCOV'S Product 1<br>Drape Front Wash Floral Vest |
|---|---|



## CLAIMS RELATED TO BOSCOV'S PRODUCT 2
## "JOAN VASS FLORAL TOP"

27. Plaintiff is informed and believes and thereon alleges that since its creation of Plaintiff's Design A, Defendants, and each of them individually or in concert, unlawfully copied, reproduced, and/or manipulated Plaintiff's Design A without Plaintiff's consent or knowledge, and unlawfully produced, distributed and/or sold products featuring a design that is identical or substantially similar to Plaintiff's Design A, but under the JOAN VASS label, to Defendant BOSCOV'S without Plaintiff's knowledge and consent, and BOSCOV'S unlawfully produced, distributed, and/or sold the products (hereinafter "Defendant BOSCOV'S Product 2") without Plaintiff's knowledge and consent.

28. Said products were labeled and sold under the brand name "JOAN VASS" identified generally as JOAN VASS FLORAL TOP, representing that the products were made by, for, and/or originated from Defendant JOAN VASS and offered for sale by BOSCOV'S. An image of Plaintiff's Design A and examples of Defendant BOSCOV'S Product 2 are set forth herein below:

| Plaintiff's Design A | Defendant BOSCOV'S Product 2<br>Joan Vass Floral Top |
|---|---|
|  | |

## CLAIMS RELATED TO LORD & TAYLOR PRODUCT 1 "JOAN VASS NEW YORK FLORAL HIGH-LOW DRESS"

29. Plaintiff is informed and believes and thereon alleges that since its creation of Plaintiff's Design A, Defendants, and each of them individually or in concert, unlawfully copied, reproduced, and/or manipulated Plaintiff's Design A without Plaintiff's consent or knowledge, and unlawfully produced, distributed and/or sold products featuring a design that is identical or substantially similar to Plaintiff's Design A, but under the JOAN VASS label, to Defendant LORD & TAYLOR without Plaintiff's knowledge and consent, and LORD & TAYLOR unlawfully produced, distributed, and/or sold the products (hereinafter “Defendant LORD & TAYLOR Product 1”) without Plaintiff’s knowledge and consent.

30. Said products were labeled and sold under the brand name “JOAN VASS” more specifically identified as JOAN VASS NEW YORK FLORAL HIGH-LOW DRESS, representing that the products were made by, for, and/or originated from Defendant JOAN VASS and offered for sale by LORD & TAYLOR. An image of Plaintiff's Design A and examples of Defendant LORD & TAYLOR Product 1 are set forth herein below:



## CLAIMS RELATED TO NEIMAN MARCUS PRODUCT 1 "JOAN VASS SLEEVELESS FLORAL HIGH-LOW DRESS, MULTI PATTERN"

31. Plaintiff is informed and believes and thereon alleges that since its creation of Plaintiff's Design A, Defendants, and each of them individually or in concert, unlawfully copied, reproduced, and/or manipulated Plaintiff's Design A without Plaintiff's consent or knowledge, and unlawfully produced, distributed and/or sold products featuring a design that is identical or substantially similar to Plaintiff's Design A, but under the JOAN VASS label, to Defendant NEIMAN MARCUS without Plaintiff's knowledge and consent, and NEIMAN MARCUS unlawfully produced, distributed, and/or sold the products (hereinafter "Defendant NEIMAN MARCUS Product 1") without Plaintiff's knowledge and consent.

32. Said products were labeled and sold under the brand name "JOAN VASS" more specifically identified as JOAN VASS SLEEVELESS FLORAL HIGH-LOW DRESS, MULTI PATTERN representing that the products were made by, for, and/or originated from Defendant JOAN VASS and offered for sale by NEIMAN MARCUS. An image of Plaintiff's Design A and examples of Defendant NEIMAN MARCUS Product 1 are set forth herein below:

| Plaintiff's Design A | Defendant Neiman Marcus Product 1 Joan Vass Sleeveless Floral High-Low Dress, Multi Pattern |
|---|---|



**CLAIMS RELATED TO NEIMAN MARCUS PRODUCT 2**

**"JOAN VASS HIGH-NECK SHORT-SLEEVE TOP, MULTIPATTERN"**

33. Plaintiff is informed and believes and thereon alleges that since its creation of Plaintiff's Design A, Defendants, and each of them individually or in concert, unlawfully copied, reproduced, and/or manipulated Plaintiff's Design A without Plaintiff's consent or knowledge, and unlawfully produced, distributed and/or sold products featuring a design that is identical or substantially similar to Plaintiff's Design A but under the JOAN VASS label, to Defendant NEIMAN MARCUS without Plaintiff's knowledge and consent, and NEIMAN MARCUS unlawfully produced, distributed, and/or sold the products (hereinafter "Defendant NEIMAN MARCUS Product 2") without Plaintiff's knowledge and consent.

34. Said products were labeled and sold under the brand name "JOAN VASS" more specifically identified as JOAN VASS HIGH-NECK SORT-SLEEVE TOP, MULTIPATTERN representing that the products were made by, for, and/or originated from Defendant JOAN VASS and offered for sale by NEIMAN MARCUS. An image of Plaintiff's Design A and examples of Defendant NEIMAN MARCUS Product 2 are set forth herein below:



## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

35. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations pleaded in the preceding paragraphs of this Complaint.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Plaintiff's Design A, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally or unauthorized distributed copies of Plaintiff's Design A by third-parties and/or DOE Defendants, including without limitation domestic and/or foreign fabric converters, printing mills, and/or fabric sales people; (c) access to Plaintiff's strike-offs or samples; (d) access to Plaintiff's tech-packs, style manuals, look-books, or brochures featuring Plaintiff's Design A; and/or (d) access to garments in the marketplace produced with lawfully printed fabric featuring Plaintiff's Design A.

37. Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, designed garments, manufactured garments or contracted with factories to manufacture garments, is a garment vendor, and/or placed orders for garments featuring fabric prints identical or substantially similar to Plaintiff's Design A. Plaintiff is informed and believes and thereon alleges that said Defendants, and each of them, have engaged in said infringing conduct as owners of the JOAN VASS brand, as licensees of the JOAN VASS brand, as garment manufacturers of the JOAN VASS brand, or as suppliers, distributors, wholesalers or retailers selling the infringing garments under the JOAN VASS brand to other third parties or to the public; and said conduct infringed Plaintiff's Design A because the garments prominently featured unauthorized print designs that were identical or substantially similar to Plaintiff's Design A, or were an illegal modification thereof.

38. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by copying, creating, making, manipulating, and/or developing directly infringing and/or derivative works from

Plaintiff's Design A and by producing, distributing and/or selling products through regional and/or nationwide network of retail stores, catalogues, and through on-line websites.

39. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Designs. Plaintiff is entitled to disgorgement of each of Defendants' profits attributable to the infringement of Plaintiff's Design A in an amount to be established at trial.

40. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of infringement were and continue to be willful, intentional and malicious. As a result of Defendants' willful, intentional and malicious acts of copyright infringement, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to One Hundred Fifty Thousand Dollars ($150,000.00) per infringement. Further, Defendants', and each of their willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement -

Against All Defendants, and Each)

41. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations pleaded in the preceding paragraphs of this Complaint.

42. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, or aided in and profited from

the illegal copying, distribution and/or sale of products using Plaintiff's Design A.

43. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the opportunity and ability to carry out, supervise and/or instruct the infringing conduct, and had a direct pecuniary interest in the infringing conduct.

44. As a proximate result of Defendants', and each of their acts of vicarious and/or contributory infringement as alleged, Plaintiff suffered and will continue to suffer substantial damages to its business in an amount to be established at trial.

45. Due to Defendants', and each of their acts of copyright infringement as alleged, Defendants have each obtained profits, sales, and/or benefits they would not otherwise have obtained but for their infringement of Plaintiff's Design A. Plaintiff is entitled to disgorgement of Defendants' profits that are attributable to Defendants' infringement of Plaintiff's Design A in an amount to be established at trial.

46. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement as alleged above, which were willful, intentional, and malicious, which subjects each of the Defendants to liability for statutory damages under 17 U.S.C. § 504(c)(2) of the Copyright Act in the sum of up to One Hundred Fifty Thousand Dollars ($150,000.00) per infringement. Plaintiff will make its election between actual damages and statutory damages within the time permitted by law. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

(a) Defendants, and each of them, and their respective agents and servants be enjoined from copying, reproducing, producing, importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in

Plaintiff's Design A;

(b) Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the total sums to be proven at time of trial; or, if elected before final judgment, statutory damages against each Defendant as available under the Copyright Act, 17 U.S.C. § 504, et seq.

(c) Plaintiff be awarded its attorneys' fees and costs pursuant to the Copyright Act, 17 U.S.C. § 505, et seq.;

(d) Plaintiff be awarded prejudgment interest as allowed by law; and

(e) Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

LAW OFFICES OF ALEX CHA & ASSOCIATES

Dated: October 6, 2017 By: /s/

Alex M. Cha, Esq.
J. Edward Kim, Esq.
Attorneys for Plaintiff

HUFFINE CHUNG, A.P.C.

Dated: October 6, 2017 By: /s/

Melvin L. Chung, Esq.
Attorneys for Plaintiff